IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CRAIG OUTDOOR ADVERTISING, INC., CURTIS MASSOOD, and MIDWEST OUTDOOR MEDIA, LLC, and PATRIOT LLC | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 04-0074-CV-W-DW |
| v. | ) |
| VIACOM OUTDOOR, INC. f/k/a Infinity Outdoor, Inc., WALLY KELLY, RANDALL F. ROMIG, RANDY JACKSON, and HAROLD GUSTIN, | )<br>)<br>)<br>) |
| Defendants. | ) |

# ORDER

Pending before the Court is the Defendants' motion for summary judgment (Doc. 124). The Plaintiffs filed suggestions in opposition (Doc. 141),[1] and the Defendants filed a reply brief (Doc. 147). After reviewing the record and the parties' arguments, the Court GRANTS IN PART and DENIES IN PART the Defendants' motion for summary judgment.

**I.**[2]

As an initial matter, the Plaintiffs repeatedly argue that under the "law of the case" doctrine, the pending motion for summary judgment must be denied because the Court previously rejected the Defendants' motion to dismiss. See Plts.' Amend. Suggs. in Opp. at 1

---

[1] Technically, the Plaintiffs' amended suggestions in opposition are attached as an exhibit to Document 142, which is their motion for leave to file amended suggestions in opposition.

[2] The facts of this case are found within the parties' numerous (and voluminous) filings with the Court. This Order only discusses those facts relevant to the Court's rulings herein. Of course, all facts must be construed in a light most favorable to the non-moving party. Carter v. Chrysler Corp., 173 F.3d 693, 696 (8th Cir. 1999).

(stating that the Defendants' "arguments should not be reconsidered here as the 'law of the case' doctrine instructs"). That argument is wrong as a matter of law. The Eighth Circuit has repeatedly recognized that "the doctrine of the law of the case is applicable only to final judgments, not to interlocutory orders." Murr Plumbing Inc. v. Scherer Fin. Servs. Co., 48 F.3d 1066, 1070 (8th Cir. 1995). This Court "has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment," including an "order denying a motion to dismiss a complaint." Id. The Court now proceeds to the Defendants' motion for summary judgment.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. Under Fed. R. Civ. P. 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party fails to meet this initial burden, the court must deny the motion, regardless of the non-moving party's response. See id.

When the moving party does meet its initial burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. State of S.D., 104 F.3d 1017, 1021 (8th Cir. 1997). Instead, the nonmovant must set forth specific facts by affidavit or other evidence showing that a genuine issue of material fact exists. See id. Summary judgment is not a disfavored procedural shortcut. To the contrary, it is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action. Celotex, 477 U.S. at 327.

## II.

### A.

Counts I and IV of the Plaintiffs' Second Amended Complaint (Doc. 60) alleges that "defendant Outdoor[3] formed an association-in-fact with Outdoor's client railroad[s] . . . for the purpose of defrauding the [P]laintiffs and other small billboard businesses and their owners." Second Amend. Compl., ¶¶ 162-64, 206-208. These client railroads are the Burlington Northern/Santa Fe Railroad ("Burlington"), the Kansas City Southern Railway ("Kansas City Southern"), and the Boston & Maine Railroad ("Boston & Maine"). This association-in-fact, according to the Plaintiffs, is an "enterprise" as defined by the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. § 1961(4).[4] The complaint provides that although each railroad comprised part of the association-in-fact, "it was a victim of the [D]efendant conspirators, not a conspirator itself." In other words, Burlington, Kansas City Southern and Boston & Maine were innocent members of the alleged "enterprise."

Count I alleges that the Defendants violated 18 U.S.C. § 1962(c)[5] and Count IV alleges

---

[3] Of course, Viacom Outdoor, Inc. was formerly known as Infinity Outdoor, Inc. For the purpose of consistency, this Order will use "Outdoor" to describe both entities.

[4] The term "enterprise" is defined as including "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

[5] In its entirety, 18 U.S.C. § 1962(c) provides that

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

3

that the Defendants violated 18 U.S.C. § 1962(d).[6] If a plaintiff establishes a violation under § 1962(c), he may establish a conspiracy to violate RICO "simply by presenting additional evidence that the defendant entered into an agreement to breach the statute." Handeen v. Lemaire, 112 F.3d 1339, 1354 (8th Cir. 1997).

A RICO enterprise is generally established by showing three factors: (1) that the associated persons formed an ongoing organization; (2) they functioned as an ongoing unit; and (3) the organization was separate from the pattern of racketeering activity in which it engaged. See Atlas Pile Driving Co. v. DiCon Fin. Co., 886 F.2d 986, 995 (8th Cir. 1989). Although the Eighth Circuit has not directly addressed the issue, numerous courts have held that innocent participants cannot comprise an "association-in-fact" enterprise. See, e.g., 800537 Ontario Inc. v. Auto Enter., Inc., 113 F. Supp.2d 1116, 1123 (E.D. Mich. 2000); Blue Cross of Cal. v. SmithKline Beecham Clinical Labs., Inc., 62 F. Supp.2d 544, 551 (D. Conn. 1998). These courts reason that "for an association of individuals to constitute an 'enterprise' for purposes of RICO, the individuals must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes." Blue Cross, 62 F. Supp.2d at 551.

The Court agrees, and holds that an association-in-fact enterprise cannot consist of innocent participants. In re Pharm. Indus. Average Wholesale Price Litig., 307 F. Supp.2d 196, 204-05 (D. Mass. 2004). As a result, Counts I and IV of the Plaintiffs' Second Amended Complaint fail as a matter of law. Neither Count indicates that Burlington, Kansas City Southern, or Boston & Maine shared a common purpose to engage in a particular fraudulent or

---

[6] 18 U.S.C. § 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate [18 U.S.C. § 1962 (a), (b), or (c)]."

4

conspiratorial course of conduct or worked together to achieve such goals. Blue Cross, 62 F. Supp.2d at 551. To the contrary, the Plaintiffs' Complaint states that these railroads were "victims" of the defendant conspirators. For these reasons, the Defendants' motion for summary judgment on Counts I and IV is GRANTED.

**B.**

Count III of the Plaintiffs' Second Amended Complaint alleges that the Defendants violated 18 U.S.C. § 1962(a). That section makes it unlawful for any person to use or invest any part of income derived from a pattern of racketeering activity in the operation of any enterprise engaged in interstate commerce. Id. As the Eighth Circuit has explained, "RICO gives only individuals who have suffered injury from the use or investment of racketeering income standing to bring a civil suit under [§ 1962(a)] . . . ." Fogie v. Thorn Americas, Inc., 190 F.3d 889, 895 (8th Cir. 1999). Additionally, "to bring a claim under § 1962(a), a plaintiff must allege an injury from the use or investment of the racketeering income that is separate and distinct from injuries allegedly caused by the defendant's engaging in the predicate acts." Id. at 896; see also Vemco, Inc. v. Camardella, 23 F.3d 129, 132 (8th Cir. 1994). Stated differently, a claim brought under 18 U.S.C. § 1962(a) must be dismissed if a plaintiff alleges "only injuries traceable to the alleged predicate acts." Craighead v. E.F. Hutton & Co., Inc., 899 F.2d 485, 494 (6th Cir. 1990).

Here, the gravamen of the Complaint is that the Defendants allegedly duped the Plaintiffs into revealing desirable billboard sites to them, and the Defendants then stole those sites for their own benefit. The Plaintiffs contend that § 1962(a) is satisfied because the Defendants reinvested the money earned from stealing those billboard sites into Outdoor which strengthened Outdoor's position in the billboard market, making it more difficult for the Plaintiffs to compete with

5

Outdoor, and causing the Plaintiffs to lose "lucrative billboard locations." The Court disagrees, and finds that the Plaintiffs' argument is pure speculation. As the Defendants correctly note, "Plaintiffs have failed to point to a single piece of evidence showing that they have sustained 'investment' injuries under § 1962(a) that are ***distinct*** from the injuries they allegedly suffered from the various predicate acts they allege." See Doc. 147, at 23-24 (emphasis in original).

For these reasons, the Defendants' motion for summary judgment on Count III is GRANTED.

### C.

Count V of the Plaintiffs' Second Amended Complaint seeks preliminary and permanent injunctive relief "prohibiting continuation of corrupt scheme and racketeering activity." To support this Count, the Plaintiffs rely solely on RICO. Several courts have held, however, that injunctive relief is not available to civil RICO plaintiffs. In re Fredeman Litig., 843 F.2d 821, 828-29 (5th Cir. 1988); Religious Tech. Ctr. v. Wollersheim, 796 F.2d 1076, 1080-89 (9th Cir. 1986); First Nat'l Bank & Trust Co. v. Hollingsworth, 701 F. Supp. 701 (W.D. Ark. 1988).[7]

As the Hollingsworth court stated:

> The clear message from the legislative history is that, in considering civil RICO, Congress was repeatedly presented with the opportunity *expressly* to include a provision permitting private plaintiffs to secure injunctive relief. On each occasion, Congress *rejected* the addition of any such provision.

Hollingsworth, 701 F. Supp. at 703 (emphasis in original) (internal citations and quotations omitted). This Court agrees, and holds that injunctive relief is not available to private RICO plaintiffs. Accordingly, the Defendants' motion for summary judgment on Count V is

---

[7] It does not appear that the Eighth Circuit has squarely addressed this issue.

6

GRANTED.

**D.**

After reviewing the record, and at this time, it is sufficient for the Court to hold that a material issue of fact exists with Count II (RICO violation under 18 U.S.C. § 1962(c)), Count VI (claim for fraudulent misrepresentations), Count VII (claim for tortious interference with a business expectancy), and Count VIII (claim for unfair competition). Therefore, the Defendants' motion for summary judgment with respect to those Counts are DENIED. Of course, the Defendants may raise these issues at a later date, including a motion for judgment as a matter of law.

In anticipation of trial, three additional points should be mentioned. First, the Plaintiffs incorrectly contend that if the individual Defendants did not directly participate in at least two predicate acts, they can be held liable for "aiding and abetting" predicate offenses. They argue that "RICO recognizes civil liability for those who merely aid and abet the underlying predicate offenses." Amend. Suggs. in Opp., at 35. That assertion is legally erroneous.

In Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164 (1994), the United States Supreme Court held that there is no private right of action for aiding and abetting securities fraud under § 10(b) of the Securities Exchange Act. Extending the Central Bank ruling, the Third Circuit Court of Appeals recently ruled that "because RICO's statutory text does not provide for a private cause of action for aiding and abetting and 18 U.S.C. § 2 cannot be used to imply this private right, no such cause of action exists under RICO." Pennsylvania Ass'n of Edwards Heirs v. Rightenour, 235 F.3d 839, 840 (3rd Cir. 2000). The Court agrees with the reasoning of Rightenour. Therefore, although the Plaintiffs may assert at trial that the individual

7

defendants directly participated in predicate acts, Plaintiffs may not rely on an "aiding and abetting" theory to establish liability. Nor will the Court instruct the jury on an aiding and abetting theory.

Second, the Defendants argue that "civil RICO plaintiffs cannot recover for a RICO claim based on alleged predicate acts of mail and wire fraud" without also establishing "detrimental reliance and damage." See Doc. 147, at 6. The Plaintiffs apparently refute that argument, but their position is somewhat unclear. Amend. Suggs. in Opp. at 11-16.

As this Court, and numerous others have recognized, when a "[p]laintiff bases a RICO claim on predicate acts of mail fraud and wire fraud, detrimental reliance on the alleged fraudulent acts must be established." Arno Park, Inc. v. Yogurt Ventures U.S.A., Inc., 1994 WL 740895, at * 3 (W.D. Mo. Dec. 9, 1994); see also Appletree Square I, Ltd. P'ship v. W.R. Grace & Co., 29 F.3d 1283, 1286 (8th Cir. 1994); Nolan v. Galaxy Scientific Corp., 269 F. Supp.2d 635, 641 (E.D. Pa. 2003) (recognizing that "a number of other circuits have similarly concluded that reliance must be shown before mail fraud will serve as a RICO predicate act") (internal citations omitted); Williams v. Dow Chem. Co., 255 F. Supp.2d 219, 227 (S.D.N.Y. 2003) (stating that a "plaintiff alleging predicate acts sounding in fraud–such as those instances of mail fraud and wire fraud . . . must prove justifiable detrimental reliance to establish causation").

Therefore, at trial, if the Plaintiffs contend that the Defendants committed predicate acts of mail and wire fraud, they must establish (1) a plan or scheme to defraud; (2) intent to defraud; (3) reasonable foreseeability that the mails or wires would be used to further the scheme; and (4) actual use of the mails or wires to further the scheme. United States v. Frank, 354 F.3d 910, 917-18 (8th Cir. 2004). In addition, the Plaintiffs must also establish detrimental reliance and

8

damages.  <u>Arno Park, Inc.</u>, 1994 WL 740895, at * 3.  Both parties should keep these requirements in mind when drafting their proposed jury instructions.

Third, according to the Court's Scheduling Order, motions in limine must be filed 30 days before the date of trial,[8] and responses shall be filed 7 days later.  Considering the track record of this litigation, the Court anticipates a deluge of motions in limine.  Rather than rule on these motions by written orders, a hearing shall be held on Thursday, June 23, 2005, commencing at 9:00 a.m., in Courtroom #8B of the United States Courthouse at 400 E. 9th Street in Kansas City, Missouri.  Although the parties may still file their motions in limine 30 days before the date of trial, the Court intends to resolve all pre-trial evidentiary matters at the hearing.

### III.

For the reasons stated above, it is hereby

ORDERED that the Defendants' motion for summary judgment with respect to Counts I, III, IV, and V of the Plaintiffs' Second Amended Complaint is GRANTED, and those Counts are DISMISSED WITH PREJUDICE, it is further

ORDERED that the Defendants' motion for summary judgment with respect to Counts II, VI, VII, and VIII are DENIED; it is further

ORDERED that a hearing on the parties' motions in limine shall be held on Thursday, June 23, 2005, commencing at 9:00 a.m., in Courtroom #8B of the United States Courthouse at 400 E. 9th Street in Kansas City, Missouri.

SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: <u>May 25, 2005</u>

---

[8] This case is currently set for trial on July 11, 2005.