# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CRAIG OUTDOOR ADVERTISING, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) Case No. 04-0074-CV-W-DW |
| v. | ) ) ) |
| VIACOM OUTDOOR, INC., et al., | ) ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiffs' amended motion for attorney fees and expenses (Doc. 303). For the following reasons, the motion is granted in part.

**I.    Law on Attorney Fees Award**

Plaintiffs prevailed against Defendants Kelly and Gustin under RICO. Under that statute, an award of reasonable attorney fees is mandatory. See 18 U.S.C. § 1964; United HealthCare Corp. v. Am. Trade Ins. Co., 88 F.3d 563, 575 (8th Cir. 1996). The starting point for determining the fees a plaintiff should recover under a fee-shifting statute, such as RICO, is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, referred to as the "lodestar method." See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); H.J. Inc. v. Flygt Corp., 925 F.2d 257, 259-60 (8th Cir. 1991). In determining a reasonable fee, the Court will consider: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the

fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Hensley, 461 U.S. at 430 n.3. It is not "necessary for district courts to examine exhaustively and explicitly, in every case, all of the factors that are relevant to the amount of a fee award." Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999).

## II. Lodestar Fees

Plaintiffs' fee application includes hourly rates of $165 to $375 per hour for the core group of lawyers. The Court finds, based on all of the circumstances, that these current hourly rates for attorney work are reasonable for this fairly complex case in the Kansas City market. See Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2005).

Plaintiffs seek fees of $2,125,578, for 9,059 hours of work at an average of about $235 per hour. Defendants argue that the Court should reduce Plaintiffs' fee request by 30 percent for lack of billing judgment, and reduce the remaining amount by 25 percent for limited success.

The Court has carefully considered all of the arguments and cases in the briefing. First, the Court finds that the state theories are so closely intertwined with the RICO claims that reasonable attorney work on the entire matter is compensable under the federal statute. See Wal-Mart Stores, Inc. v. Barton, 223 F.3d 770, 773-74 (8th Cir. 2000). Next, the Court finds that—for the most part—Plaintiffs' counsel exercised acceptable billing judgment. Prosecuting this RICO action to jury verdict took considerable time and labor, with preclusion of other employment while pursuing a favorable verdict and contingent fee. Plaintiffs' attorneys are

2

skilled and experienced, with a good reputation in the community. The defense was zealous, at least—Vinson & Elkins reports having recorded almost 8,500 hours defending the case. Thus, the Court takes Defendants' indignant accusations of "overlawyering" and "frivolous strategies" with a grain of salt. Still, Plaintiffs' have not carried their burden to prove over two million dollars in reasonable fees. Some reduction is appropriate when—for example—Plaintiffs solicited affidavits from jurors without this Court's permission, wrote off only six minutes from 1,750 hours billed by two associate attorneys, and billed time for purely clerical tasks. Therefore, based on the parties' arguments and the caselaw, including the factors from Hensley, the Court finds that a reasonable fee award is for about 85 percent of the requested hours, or 7,700 hours at $235 per hour, for a total of $1,809,500.

### III. Limited Success

"If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Hensley, 461 U.S. at 436. Defendants argue this is "the classic case for a limited success reduction." However, the Court believes Plaintiffs' assertion of a "stunning victory" is closer to the mark. True, several RICO claims failed. But two did not fail. Plaintiffs recovered substantial jury awards against two individuals under RICO, and against Viacom on interrelated state law theories. The vigorous prosecution of all claims in this case—successful and unsuccessful—led to that result. The Court therefore finds that a limited success reduction is not warranted.

## IV. Expenses

In the prayer for relief, Plaintiffs request $66,414 in expenses. The Court agrees with Defendants that RICO "cost" is limited to "costs" recoverable under 28 U.S.C. § 1920. See Neosho R-V Sch. Dist. v. Clark, 315 F.3d 1022, 1031-33 (8th Cir. 2003) (citing W. Va. Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 87 n.3 (1991)). However, "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys" should be "included as part of the reasonable attorney's fees awarded." Pinkham v. Camex, 84 F.3d 292, 294-95 (8th Cir. 1996). The Court finds that the itemized expenses submitted by Plaintiffs are reasonable and of the kind normally charged to clients by attorneys. But under current Eighth Circuit law, Plaintiffs are not entitled to reimbursement for computerized research. See Standley v. Chilhowee R-IV Sch. Dist., 5 F.3d 319, 325 (8th Cir. 1993); McCarthy v. Beal Bank, SSB, 2005 WL 2260859, at *1 (W.D. Mo. Sept. 15, 2005) (Whipple, C.J.). Therefore, the Court finds that a reasonable attorney fee includes $54,340 in expenses ($66,414 less $12,074 for computerized legal research).

## V. Patriot's Punitive Damages

Connecticut law caps Patriot's punitive damages by the amount of its litigation expenses. See Berry v. Louiseau, 614 A.2d 414, 435 (Conn. 1992) ("We remain convinced that a rule limiting punitive damages awards to the expense of litigation less taxable costs fulfills the salutary purpose of fully compensating a victim for the harm inflicted on him while avoiding the potential for injustice which may result from the exercise of unfettered discretion by a jury."); Chykirda v. Yanush, 41 A.2d 449, 450-51 (Conn. 1945); Gagne v. Town of Enfield, 734 F.2d 902, 904-05 (2d Cir. 1984). In its Order on formation of the judgment (Doc. 297), the Court provisionally entered judgment for $1,044,445 in state-law punitive damages for Patriot, subject

4

to remittitur consistent with the Connecticut punitive damages cap and federal due process.

The Court has held that a plaintiff may recover damages under both RICO and state law—including treble RICO damages and state-law punitives. See Doc. 297. There is no "double recovery" because Congress intended RICO to impose stringent civil penalties on organized illegal activity, above and beyond state-law remedies already available. The issue now before the Court must be distinguished. The Court has already found that the state and federal claims are interrelated such that mandatory RICO fees are recoverable for all of the reasonable hours submitted. In other words, the mandatory fee award under RICO is intended to represent the reasonable attorney fees for this entire case. The question is whether the Connecticut courts would permit recovery of punitive damages measured by fees already awarded under RICO. The answer, this Court predicts, is "No."

In Ham v. Greene, 729 A.2d 740 (Conn. 1999), a duplicative-fees issue was argued in the Connecticut Supreme Court. The court did not reach the issue, but its opinion is instructive. In Ham, police detectives were held liable for common-law malicious prosecution and false arrest, and for federal civil rights claims under 42 U.S.C. § 1988. The trial court calculated a reasonable attorney fee—for the state claims only—to determine the punitive damages award. See id. at 534-35. On appeal, the defendants argued "that the trial court improperly awarded counsel fees in connection with the state claims because the identical conduct gave rise to the federal claims for which the plaintiff will be entitled to counsel fees pursuant to federal statute." Id. at 435. The Connecticut Supreme Court wrote:

> The plaintiff, however, has not made any request thus far for counsel fees in connection with the federal claims. *The court specifically noticed* that such claim had not been made, that the subject award would not preclude the court from

5

> awarding additional attorney's fees on the federal claims, and *that the court 'at the end of these proceedings should be careful not to make a double award for the costs of litigation.'* Additionally, we note that the decision whether to award fees under § 1988 is discretionary. . . . Consequently, the issue of whether the award is duplicative is not properly before the court, and indeed, may never be an issue before this tribunal.

Id. (emphasis added). This Court agrees with the trial court in Ham.

In Connecticut, punitive damages "serve primarily to compensate the plaintiff for his injuries." Berry, 614 A.2d 435. True, "when viewed in the light of the increasing costs of litigation, [the rule] also serves to punish and deter wrongful conduct." Id. But punishment and deterrence are not considered in calculating an award. Because Patriot will receive its reasonable attorney fees for the state claims under RICO, it is not entitled to recover those same amounts a second time as Connecticut punitive damages. Cf. Ham, 729 A.2d at 435. The primary purpose of Connecticut punitives—compensation—would not be served by paying Patriot twice for the same thing.

Based on the evidence submitted by Patriot, the Court finds that the Connecticut punitive damages cap is $50,000, which includes fees and non-taxable expenses not included in the RICO award.

**VI. Sanctions**

Plaintiffs urge the court to sanction Viacom because it "impeded discovery and purposefully drove up the cost of litigation in an attempt to bankrupt the plaintiffs." In the briefing on attorney fees, Plaintiffs request a sanction making Viacom jointly and severally liable with individual defendants Kelly and Gustin for the RICO attorney fees and expenses. The Court will not use its inherent power to grant that specific request. However, the Court will now rule

6

on the pending motion for sanctions under Rule 37 (Doc. 175).

Shortly before trial, Plaintiffs sought sanctions—in the form of an adverse inference instruction—for what they perceive as unethical discovery abuses by Defendants and their lawyers. The parties fully briefed the motion, and argued it at a hearing in open court. The Court declined to give the requested jury instruction, but kept the sanctions motion under advisement. Now, based on the briefing and argument, the Court finds that Defendant Viacom willfully violated Rule 26 by failing to timely disclose the identities of Chip Tolleson and Don Avjean. The failure to disclose these individuals—central figures in the events leading to this litigation—plainly prejudiced Plaintiffs by concealing the "big picture" of the alleged scheme until late in discovery. Based on those findings, the Court sanctions Viacom under Rule 37 with a fine of $10,000, representing Plaintiffs' expenses caused by Viacom's (and its agents') failure to comply with the discovery rules. See Mems v. City of St. Paul, 327 F.3d 771, 779 (8th Cir. 2003). Unfortunately, this specific failure of candor is representative of Defendants' obstructive behavior. The totality of circumstances suggests that the defense systematically impeded "the just, speedy, and inexpensive determination" of the case. See Fed. R. Civ. P. 1. This Court expects better from litigants and their lawyers.

## VII. Order

The Court hereby

ORDERS that Plaintiffs shall recover from Defendants Kelly and Gustin a RICO fee award of $1,863,840, which includes $1,809,500 in reasonable attorney fees and $54,340 in reasonable out-of-pocket expenses; and

ORDERS that a final punitive damages judgment of $50,000 on a single state law claim

7

be entered for Plaintiff Patriot against Defendant Viacom; and

ORDERS that Defendant Viacom is sanctioned under Rule 37 with a fine of $10,000.

SO ORDERED.

                                  /s/ DEAN WHIPPLE
                                      Dean Whipple
                                 United States District Judge

Date: July 18, 2006